Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street. Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Attorneys for Plaintiff KAMINO LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAMINO LLC,<br><br>Plaintiff,<br><br>v.<br><br>TMAX DIGITAL, INC. D/B/A NUVISION, AND NUVISION GROUP, INC.,<br><br>Defendants. | Case No. ________________<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 6,435,686**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kamino LLC ("Plaintiff" or "Kamino") hereby asserts the following claims for patent infringement against TMAX Digital, Inc. d/b/a NuVision and NuVision Group, Inc. ("Defendants" or "NuVision"), and alleges, on information and belief, as follows:

**THE PARTIES**

1. Kamino is a limited liability company organized and existing under the laws of the Texas with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

2. Defendant TMAX Digital, Inc. is a California corporation with a regular established place of business at 2220 E. Cedar St., Ontario, California 91761.

3. Defendant NuVision Group, Inc. is a California corporation with a regular established place of business at 2220 E. Cedar St., Ontario, California 91761.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Defendants have committed acts of infringement in this judicial district.

6. Defendants have a regular and established place of business in this judicial district at 2220 E. Cedar St., Ontario, California 91761.

7. On information and belief, the Court has personal jurisdiction over Defendants because Defendants has committed, and continues to commit, acts of infringement in the state of California, has conducted business in the state of California, and/or has engaged in continuous and systematic activities in the state of California.

8. On information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Central District of California.

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 11400(b).

## THE PATENT-IN_SUIT

10. On August 20, 2002, United States Patent No. 6,435,686 (the "'686 patent"), entitled "Light Conducting Plate for a Back Lighting Device and Back Lighting Device," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '686 patent is attached hereto as Exhibit A.

11. Kamino is the assignee and owner of the right, title and interest in and to the ’686 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,435,686**

12. Kamino repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Claim 1 of the ’686 patent recites:

A light conducting plate for a back lighting device, comprising:

a light-inlet end face for introducing light emitted from a light source to be disposed facing said light conducting plate;

a reflecting face for reflecting the light introduced through said light-inlet end face; and

a light-outlet face disposed opposite to said reflecting face for allowing the light reflected from the reflecting face to emit therethrough, wherein said reflecting face includes a light-scattering region and a remainder region, and the remainder region is located on a side near to said light-inlet end face.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the ’686 patent by making, using, importing, offering for sale, and/or selling mobile devices, such as the NuVision 8-inch tablet (the “Accused Products”).

15. As exemplified below, the NuVision tablet includes a light conducting plate as claimed by the ’686 patent.

*A light conducting plate for a back lighting device, comprising:*

- Teardown evidence illustrates that the NuVision tablet includes a light conducting plate. This light conducting plate is a part of the display and includes a light-inlet end face, a reflecting face, and a light outlet face. The reflecting face includes a light-scattering region and a remainder region.






*a light-inlet end face for introducing light emitted from a light source to be disposed facing said light conducting plate;*

- The light conducting plate includes a light-inlet and end face for introducing light emitted from a light source.




Light inlet end face


Light Sources



*a reflecting face for reflecting the light introduced through said light-inlet end face; and*

- The light conducting plate includes a reflecting face for reflecting the light introduced through the light-inlet end face.





*a light-outlet face disposed opposite to said reflecting face for allowing the light reflected from the reflecting face to emit therethrough,*

- The light conducting plate includes a light-outlet face disposed opposite to the reflecting face for allowing the light reflected from the reflecting face to emit therethrough.





*wherein said reflecting face includes a light-scattering region and a remainder region, and the remainder region is located on a side near to said light-inlet end face.*

- The reflecting face includes a light-scattering region and a remainder region. The remainder region is located on a side near to the light-inlet face.






16. Kamino is entitled to recover from Defendants the damages sustained by Kamino as a result of Defendants' infringement of the '686 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

A. An adjudication that each Defendant has infringed the '686 patent;

B. An award of damages to be paid by each Defendant adequate to compensate Kamino for Defendants' past infringement of the '686 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Kamino's reasonable attorneys' fees; and

D. An award to Kamino of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: May 13, 2019 **SML AVVOCATI P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: May 13, 2019 **SML AVVOCATI P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff